UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARK SWEET,

    Plaintiff,

v.

MOTOROLA MOBILITY, LLC
MOTOROLA SOLUTIONS, INC.;
and MOTOROLA SOLUTIONS
CONNECTIVITY, INC.,

    Defendants.
_____/

Case No.: _____

State Case No.: 23-009265-CI

## NOTICE OF REMOVAL

Defendant Motorola Mobility, LLC ("Motorola") hereby removes this Action from the Circuit Court in and for the Sixth Judicial Circuit, Pinellas County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division, based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441(a), and 1446(b). In support of removal, Motorola states as follows:

**I.**     **Procedural Background and Relevant Facts**

1.    On November 29, 2023, Plaintiff commenced this civil action in the Circuit Court in and for the Sixth Judicial Circuit, Pinellas County, Florida, by filing a Complaint captioned *Mark Sweet v. Motorola Mobility, LLC, et al.*, No. 23-009265-CI.

134792450.3

2. In the Complaint,[1] Plaintiff alleges that he suffered "burns to his right hand and severe damage to his throat, nasal pathways and lungs" while holding a cell phone in his hand that was allegedly manufactured and distributed by Motorola. Compl. ¶¶ 13, 15. Plaintiff asserts three claims of (1) strict liability; (2) negligence; and (3) breach of implied warranty against Motorola.[2]

## II. The Notice of Removal is Timely.

3. Plaintiff filed the state court action on November 29, 2023. A true and correct copy of the summons issued by the state court dated November 29, 2023 is included in Exhibit 1. Motorola was formally served with process on December 4, 2023.

4. Accordingly, removal is timely pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that 30-day time limit for removal commences on the date of formal service of the complaint).

## III. Complete Diversity of Citizenship Exists.

5. Removal of this case is permitted under 28 U.S.C. § 1441(b) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a).

---

[1] Per the Clerk of the Court's request, the Complaint has been docketed separately as Exhibit 1 to prevent multiple copies of the same documents being placed on the electronic filing system. Pursuant to 28 U.S.C. § 1446(a), copies of all other process, pleadings, and orders served upon Defendant are attached collectively as Exhibit 2.

[2] Plaintiff asserted identical claims against Motorola Solutions, Inc. and Motorola Solutions Connectivity, Inc., but Plaintiff has since voluntarily dismissed those two parties from this action. *See infra* ¶¶ 9–10.

6. "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). In determining domicile, a court may use various factors including "whether the party owns real property in the state, has a state driver's license, is registered to vote in the state, and pays income taxes in the state." *Callahan v. Countrywide Home Loans, Inc.*, No. 3:06CV105, 2006 WL 1776747, at *5 (N.D. Fla. June 26, 2006).

7. Plaintiff is, and was at the time of filing this action, a Florida citizen. As alleged in the Complaint, "Plaintiff, MARK SWEET, was and is a resident of Pinellas County, Florida." Compl. ¶ 2. Plaintiff's Florida residency gives rise to a presumption that he is also a Florida citizen. *See King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171-72 (11th Cir. 2007). Additionally, publicly available records establish that Plaintiff maintains a physical address in Florida and holds a Florida driver's license. Accordingly, Plaintiff is a citizen of Florida for purposes of diversity jurisdiction.

8. Defendant Motorola Mobility, LLC is a Delaware limited liability company, the sole member of which is Motorola Mobility Holdings, LLC, also a Delaware limited liability company. Motorola Mobility Holdings, LLC's sole member is Motorola Mobility Holdings UK Limited, a company incorporated under the laws of England and Wales with a principal place of business in the

United Kingdom. "[A] limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004). Because Motorola Mobility Holdings, LLC is a citizen of the United Kingdom, Motorola Mobility, LLC is also a citizen of the United Kingdom for purposes of diversity jurisdiction.

9. Former Defendants Motorola Solutions, Inc. and Motorola Solutions Connectivity, Inc. n/k/a Vesta Solutions, Inc. are both California corporations with principal places of business located in Illinois. "[C]orporations are citizens in the states of their incorporation and their principal place of business." *Rolling Greens*, 374 F.3d at 1021 n.1. Thus, Motorola Solutions, Inc. and Motorola Solutions Connectivity, Inc. are both citizens of California and Illinois for purposes of diversity jurisdiction and each consented to the removal of this action.

10. On December 19, 2023, however, Plaintiff voluntarily dismissed Defendants Motorola Solutions, Inc. and Motorola Solutions Connectivity, Inc., from this action such that their consent is not necessary. A true and correct copy of Plaintiff's Notice of Voluntary Dismissal of Motorola Solutions, Inc. and Motorola Solutions Connectivity, Inc. Only, filed on December 19, 2023, is included in Exhibit 1.

134792450.3

11. Thus, there is complete diversity of citizenship between Plaintiff (a citizen of Florida) and Defendant Motorola Mobility, LLC (citizen of the United Kingdom). *See Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant.").

### IV. The Amount in Controversy is Met.

12. The amount in controversy exceeds $75,000, exclusive of interest and costs.

13. In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547 (2014), the U.S. Supreme Court held that a defendant may properly remove an action based upon the following principles:

- a defendant "need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold," *id.* at 554 (emphasis added),

- the defendant "may *simply allege or assert* that the jurisdictional threshold has been met" under a standard of pleading only "'a short and plain statement of the grounds for removal,'" *id.* at 553-54 (quoting 28 U.S.C. § 1446(a)) (emphasis added), and

- once alleged, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

14. The *Dart* standard permits a defendant to remove with a simple pleading that asserts a "plausible allegation" that the amount in controversy

134792450.3

exceeds $75,000.00, exclusive of interest and costs. *See Dudley v. Eli Lilly & Co.,* 778 F.3d 909, 912 (11th Cir. 2014) (citing *Dart* and explaining that "all that is required is a 'short and plain statement of the grounds for removal,' including 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"); *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) (citing *Dart* and explaining that "[a] defendant seeking to remove a case to federal court must file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"); *VIP Auto Glass, Inc. v. GEICO Gen. Ins. Co., No.* 8:16-cv-2012-T-35JSS, 2017 WL 3712918, at *3 (M.D. Fla. Mar. 7, 2017) (citing *Dart* and explaining that "[i]f, as in this case, the plaintiff has not alleged a specific amount of damages, 'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"); *Case v. Cincinnati Ins. Co.,* No. 8:16-cv-2250-T-30JSS, 2016 WL 4771628, at *1 (M.D. Fla. Sept. 14, 2016) (citing *Dart* and explaining that "[w]hen, as here, damages are not specified in the state-court complaint, the defendant seeking removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold'"); *Ellison v. Coca-Cola Refreshments USA, Inc.,* No. 215CV00246FTM29-MRM, 2015 WL 6769449, at *1 (M.D. Fla. 2015) (citing *Dart* and explaining that "[a] Notice of Removal must plausibly allege the jurisdictional amount, not prove the

6

134792450.3

amount"); *Schaefer v. Seattle Serv. Bureau, Inc.,* No. 2:15-CV-444-FTM-38CM, 2015 WL 6746614, at *3 (M.D. Fla. 2015) (citing *Dart* and explaining that "[a]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions").[3] This allegation is presumed correct.

15.     Then, only if challenged, *Dart* holds that the proper procedure is that "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." 135 S. Ct. at 554; *see also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) (citing *Dart* and explaining that "[w]hen the plaintiff contests or the court questions the defendant's allegation, the defendant must prove by a preponderance of the evidence that the amount in controversy is sufficient.") (citation omitted); *VIP Auto Glass, Inc. v. Geico Gen. Ins. Co.,* No. 8:16-cv-2012-T-35JSS, 2017 WL 3712918, at *3 (M.D. Fla. Mar. 7, 2017) (quoting *Dart* and stating that "[w]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the

---

[3] Occasionally, a court within this District has applied a removal standard that differs from the "plausible allegation" standard set forth by the Court in *Dart*. *See generally Jenkins v. Myers*, No. 8-16-cv-00344-EAK-EAJ, 2016 WL 4059249, at *2-3 (M.D. Fla. July 27, 2016) (applying a pre-*Dart* standard); *Trapnell v. State Farm Mut. Auto. Ins. Co.*, No. 16-cv-00575-EAK-JSS, 2016 WL 8943312, at *1 (M.D. Fla. July 12, 2016 (same). Those orders neither cited *Dart* nor addressed the principles set forth by the Court in *Dart*. Respectfully, this Court should apply the *Dart* standard.

7

plaintiff or questioned by the court.") (internal quotation marks omitted). Notably, if remand is sought:

> Discovery may be taken with regard to that question [of whether the jurisdictional threshold is met]. In case of a dispute, the district court must make findings of jurisdictional fact to which the preponderance standard applies.
>
> Of course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations.

*Id.* (emphasis in original) (internal quotation marks omitted); *see also McKenzie v. Mediatakeout.com, LLC*, No. 3:18-cv-1445-J-34JBT, 2018 WL 6528139, at *3-4 (M.D. Fla. Dec. 12, 2018) (permitting defendant to request jurisdictional discovery to determine whether diversity jurisdiction exists); *Donovan v. Liberty Mut. Ins. Co.,* 616CV157ORL22TBS, 2016 WL 890086, at *2 (M.D. Fla. Mar. 9, 2016) ("When the record does not contain sufficient information for the court to determine whether diversity jurisdiction exists, it may permit the parties to conduct jurisdictional discovery before ruling on the merits of a motion for remand.").

16. Here, the requirement for diversity jurisdiction is satisfied because the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs. Although the Complaint does not specify the amount of damages sought--it simply seeks damages "in excess of FIFTY THOUSAND DOLLARS ($50,000.00), together with interest and costs" (Compl. at 8, 10), the allegations

8

134792450.3

make it clear that the amount in controversy exceeds the jurisdictional threshold. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (holding that the amount in controversy is met where it is "facially apparent" from the complaint that the jurisdictional minimum is exceeded). District courts need not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." *Id.* at 770. In conducting this analysis, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010).

17. Plaintiff alleges that, as a result of the strict liability, negligence, and breach of implied warranty alleged in the Complaint, he "sustained serious and permanent bodily injuries, resulting in pain and suffering, permanent impairment, disability, mental anguish, loss for the capacity of enjoyment of life, expense of hospitalization, medical care and treatment in the past and to be obtained in the future, lost wages, and ability to earn wages in the past and to be experienced in the future." Compl. ¶¶ 22, 29, 36.

18. Moreover, Plaintiff made a written demand to Motorola dated June 21, 2023, in which Plaintiff sought payment of $150,000.00. Indeed, Plaintiff's

alleged damages, including medical expenses and "pain and suffering/loss of enjoyment of life" exceed $75,000.

19. In the written demand, Plaintiff stated he incurred past medical expenses of $7,788.00 from April 16, 2020 through September 30, 2020, for treatment related to Plaintiff's alleged injuries of smoke inhalation, throat pain, and voice changes. Plaintiff also stated in the written demand that he will incur future medical expenses "for at least 18 more years" as Plaintiff "continues to experience trouble breathing, hoarseness, voice change and coughing." Additionally, Plaintiff stated that he continues to "suffer [] from the painful injuries" and the alleged "damage to his lungs has impacted his enjoyment of life and ability to interact with friends and family." *See AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.,* 268 F. App'x 864, 866 (11th Cir. 2008) (considering a pre-suit demand letter to analyze the amount in controversy); *Stern v. First Liberty Ins. Grp.*, 424 F. Supp. 3d 1264, 1273 (S.D. Fla. 2020) ("Evidence of a settlement demand in excess of $75,000 may constitute evidence that the jurisdictional requirement has been met.") (quotation omitted); *Chiari v. Wal-Mart Stores, E., L.P.*, No. 17-61352, 2018 WL 4409985, at *6 (S.D. Fla. June 29, 2018) ("Indeed, abundant authority supports the proposition that future damages may be considered in determining the amount in controversy."); *Perez-Malo v. First Liberty Ins. Corp.*, No. 1:17-cv-21180, 2017 WL 7731958, at *3 (S.D. Fla. June 8, 2017)

(explaining that a pre-suit estimate can establish the jurisdictional amount in controversy where the estimate reflects an "honest assessment of damages," rather than "puffing and posturing"); *Boyd v. State Farm Mut. Auto. Ins. Co.*, No. 6:15-cv-1965, 2015 WL 12838805, at *2 (M.D. Fla. Dec. 16, 2015) ("A court may consider a demand letter in combination with other supporting evidence to determine whether all the evidence taken as a whole establishes that the jurisdictional amount has been satisfied."); *Kilmer v. Stryker Corp.,* No. 5:14–CV–456–OC–34PRL, 2014 WL 5454385, at *4 (M.D. Fla. Oct. 27, 2014) (holding that pre-suit demand letter, which specified past medical expenses totaling $72,792.93, combined with claims for permanent injury, pain and suffering, and past and future economic loss, was sufficient evidence that the amount in controversy requirement was met); *see also La Rocca v. Stahlheber,* 676 F.Supp.2d 1347, 1350 (S.D. Fla. 2009) (holding that amount in controversy requirement was satisfied by calculations based on pre-suit demand package detailing past and future medical expenses).

20.   Therefore, in light of the alleged severity of the injuries and the magnitude of the claimed damages set forth in the Complaint and pre-suit demand, it is "facially apparent" that the amount in controversy exceeds $75,000, exclusive of interest and costs, *see Pretka*, 608 F.3d at 757-60, and Motorola has sufficiently alleged the basis for diversity jurisdiction at the notice-of-removal

11

stage. *See Dart*, 135 S. Ct. at 553; *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1295 (11th Cir. 2009) (holding that the trial court cannot *sua sponte* remand a case as long as the removing party pleads the general basis for diversity jurisdiction).

## V.     The Removal is Otherwise Proper.

21.     As required by 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being served upon counsel for Plaintiff and Motorola is filing a copy of this Notice of Removal with the Clerk of Court for the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida.  A copy of the Notice of Filing Notice of Removal is attached within Exhibit 2.

22.     Venue is proper in the Tampa Division of the Middle District of Florida under 28 U.S.C. § 1441(a) and Local Rule 1.02(b)(4) because the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida is within the Tampa Division.

**WHEREFORE**, Defendant Motorola Mobility, LLC respectfully removes this action from the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County to the United States District Court for the Middle District of Florida, Tampa Division.

/s/ Charlisa R. Odom
Jaret Fuente, Esq.
Florida Bar Number 0146774
Charlisa R. Odom, Esq.

> Florida Bar Number 301690
> CARLTON FIELDS, P.A.
> Corporate Center Three at International Plaza
> 4221 W. Boy Scout Blvd., 10th Floor (33607)
> P.O. Box 3239
> Tampa, Florida 33601
> Telephone: (813) 223-7000
> Fax: (813) 229-4133
> Email: jfuente@carltonfields.com
>            codom@carltonfields.com
> *Attorneys for Defendant Motorola Mobility, LLC*

## CERTIFICATE OF SERVICE

I certify that on January 2, 2024, a true and correct copy of the foregoing was filed via CM/ECF, which will send an electronic notice to the following parties of record:

Joshua Zudar
Wilson Reeder & Zudar
12005 Whitmarsh Lane
Tampa, FL 33626
*Counsel for Plaintiff*

>      */s/ Charlisa R. Odom*
>      Attorney

134792450.3